IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **VERONICA LIZBETH ENCALADA SAQUICHAGUA,** § § § | |
| Petitioner, § | |
| § | EP-26-CV-00511-DB |
| v. § | |
| § | |
| **PAMELA BONDI**, *Attorney General, et al.*, § § | |
| Respondents. § | |

## ORDER

On this day, the Court considered the above-captioned case. On February 20, 2026, Petitioner Veronica Lizbeth Encalada Saquichagua filed a "Verified Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is currently detained at the ERO El Paso Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. *Id.* at 3. She argues her detention is unlawful and asks the Court to order a bond hearing or her release. *Id.* at 15. On February 23, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner is an Ecuadorian national who entered the United States in 2023. ECF No. 1-1 at 4. Petitioner was brought to this country as a minor seeking asylum, and she has since become a valuable member of her high school and church communities. *Id.* Petitioner was in contact with ICE at the border and was released under supervision to attend scheduled court appearances and periodic check-ins with ICE. *Id.* She has applied for asylum and made her first court appearance in 2025. *Id.* Petitioner does not have a final order of removal. *Id.* Petitioner was detained by

immigration authorities on January 22, 2026. *Id*. Upon arrival at Camp East Montana, Petitioner was given a pregnancy test and discovered she was three months pregnant. *Id.* at 6. Petitioner alleges she has been denied basic medical care including a doctor's visit or supplemental food to support her and the baby. *Id.* Among other things, Petitioner argues mandatory detention under 8 U.S.C. 1225(b) as applied to her violates her Fifth Amendment procedural due process rights because she has a fundamental liberty interest in being free from official restraint and she is being deprived of an individualized hearing to justify her detention. *Id.* at 10–13.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 6 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Yet, in their response, ECF No. 3, filed on February 26, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions[1] or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 3 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting argument that petitioner's procedural due process claim is foreclosed by the Supreme Court decision *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Accordingly, the same result is warranted in this case.

---

[1] Petitioner's reply argues "Respondents' Response fails to comply with this Court's Order to Show Cause in at least two critical respects. First, despite this Court's explicit directive, Respondents entirely fail to address *Vieira v. De Anda-Ybarra*. Second, although lengthy, the Response is precisely the type of "boilerplate" filing that this Court instructed Respondents to avoid. The copy/paste nature of the Response is made unmistakable by Respondents' repeated misidentification of Ms. Saquichagua's gender throughout their brief. Ms. Saquichagua's facts are materially the same as in *Vieira* and this Court should order the same relief." ECF No. 4 at 1–2.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[2] **IT IS HEREBY ORDERED** Petitioner Veronica Lizbeth Encalada Saquichagua's "Verified Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than March 9, 2026.**[3]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision

---

[2] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[3] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than March 12, 2026.**

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than March 16, 2026.**

**SIGNED** this **4th** day of **March 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE