# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

VERONICA LIZBETH ENCALADA §
SAQUICHAGUA, §
    **Petitioner,** §
§
§          **EP-26-CV-00511-DB**
**v.** §
§
§
**PAMELA BONDI**, *Attorney General, et* §
*al.*, §
    **Respondents.** §

## ORDER

On this day, the Court considered the above-captioned case. On March 16, 2026, the parties

filed a "Joint Notice Regarding Remaining Issues," ECF No. 7. Therein, the parties advise there is

one remaining issue for the Court's consideration before this case may be closed. The Notice states:

> As Respondents advised the Court, Petitioner received a custody
> determination hearing on March 6, 2026, where she was granted
> bond in the amount of $1,500. (Dkt. 6; Dkt. 6-1.) Petitioner has since
> been released. (Dkt. 6.) Petitioner, however, was released with an
> ankle monitor. Petitioner contends her release with an ankle monitor
> is inconsistent with the Immigration Judge's Order, which placed no
> conditions upon Petitioner's release (Dkt. 6-1), and is contrary to the
> law because Respondents do not have statutory or regulatory
> authority to impose additional conditions of release not ordered by
> the Immigration Judge. *See generally Aguillon v. Bondi*, No. EP-26-
> CV-71- KC, 2026 U.S. Dist LEXIS 42566 (W.D. Tex. Feb. 25,
> 2026). Respondents disagree and contend Petitioner's release with
> an ankle monitor was proper. Accordingly, a dispute exists regarding
> Respondents' imposition of an ankle monitor on Petitioner.
> Petitioner intends to file a motion addressing this issue and
> requesting removal of Petitioner's ankle monitor and respectfully
> proposes it file such motion by no later than Monday, March 23,
> 2026. Respondent intends to oppose Petitioner's motion but does not
> oppose the timing of Petitioner's motion.

ECF No. 7 at 1–2. The Court notes the Immigration Judge's order granting a $1,500 bond does not

contain any provision for additional conditions. *See* ECF No. 6-1 at 1. Pending any superseding

appeal or immigration judge's order, the conditions imposed by the Immigration Judge in his March 6, 2026, order are the only ones lawfully imposed.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has determined ICE's imposition of additional conditions of release that are not imposed in an Immigration Judge's order is unlawful. *See Rodriguez Muniz v. Noem*, No. EP-25-CV-00671-DB, (W.D. Tex. March 6, 2026). As such, any motion filed by Petitioner on this issue will likely be granted. In addressing the Court in opposition to any prospective motion filed by Petitioner, Respondents should avoid boilerplate arguments this Court has already rejected. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner **SHALL FILE** any motions on remaining issues **no later than March 23, 2026.**

**IT IS FURTHER ORDERED** that Respondents **SHALL FILE** a response **no later than March 26, 2026.**

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than March 30, 2026.**

**SIGNED** this **18th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**